UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CLIFFORD J. SCHUETT,<br><br>                              Plaintiff(s),<br><br>     v.<br><br>U.S. MARSHAL CERVICE et al.,<br><br>                              Defendant(s). | Case No. 2:15-CV-253 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff Clifford J. Schuett's motion for recusal of district judge. (Doc. # 3).

Plaintiff's motion is just over one-page handwritten. Plaintiff seeks recusal of Judge James C. Mahan from assignment in this civil action because of separate criminal case, 2:14-cr-00364-JAD-GWF, before Judge Dorsey.

On December 2, 2014, Schuett pled guilty to threatening to kill or cause damage by explosive in violation of 18 U.S.C. § 844(e). Schuett falsely stated that he had placed explosives within the Lloyd D. George United States Courthouse and identified two federal judges as the targets, one of whom was Judge James C. Mahan. Schuett asserts that it is a conflict of interest for Judge Mahan to preside over the instant civil action, and requests that Judge Mahan recuse himself.

The court interprets plaintiff's motion for recusal as being brought pursuant to 28 U.S.C. § 455. Under § 455, the presiding judge determines whether recusal is warranted. *United States v. Azhocar*, 581 F.2d 735, 867–68 (9th Cir. 1978). § 455(a) is broad, requiring recusal "in any proceeding in which [a judge's] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).

**James C. Mahan**
**U.S. District Judge**

Disqualification under § 455(a) is necessarily fact-driven and may turn on subtleties in the particular case. *Id.* Consequently, the analysis of each § 455(a) claim requires an "independent examination of the unique facts and circumstances of the particular claim at issue." *Id.* (quoting *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999)); *see also Clemens*, 428 F.3d at 1178. A judge should also keep in mind that § 455(a) is limited by the "extrajudicial source" factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial. *Liteky v. United States*, 510 U.S. 540, 554–56 (1994).

The Ninth Circuit has suggested a two-part test applying these general principles to situations where the judge receives a threat. *See Holland*, 519 F.3d at 914. The judge may find it necessary to recuse himself under either part. *Id.* First, under § 455(a), the judge must apply the "objective" standard articulated in *Liljeberg*. *See Liljeberg*, 486 U.S. at 860; *Holland*, 519 F.3d at 914. That standard requires recusal if a reasonable third-party observer would perceive that there is a "significant risk" that the judge will be influenced by the threat and resolve the case on a basis other than the merits. *Holland*, 519 F.3d at 914. Second, the judge must apply the subjective standard articulated in § 455(b) to determine whether he can be truly impartial when trying the case. *Id.* at 915. This is a test for actual bias. *Id.*

Under the objective part of the test, the reasonable third-party someone who "understand[s] all the relevant facts" and has examined the record and law. *Holland*, 519 F.3d at 913 (quoting *LoCascio v. United States*, 473 F.3d 493, 496 (2d Cir. 2007)); *see also Clemens*, 428 F.3d at 1178 ("The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." (internal quotation marks and citation omitted)); *but see In re Nettles,* 394 F.3d 1001, 1002 (7th Cir. 2005) ("We must bear in mind that these outside observers are less inclined to credit judges' impartiality and mental discipline than the judiciary itself will be." (internal quotation marks and citation omitted)). The "objective" standard is a check to avoid even the "appearance of partiality," and ensure that the judge's decision is reasonable to an informed observer. *Holland*, 519 F.3d at 914 (quoting *Liljeberg*, 486 U.S. at 860).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Here, the court finds that the reasonable observer could find the appearance of partiality. When being questioned by law enforcement officers, plaintiff specifically identified Judge Mahan as one of two targets of his threatened bombing. A criminal case was initiated on June 20, 2014. Defendant pled guilty with a plea agreement on December 2, 2014. Sentencing has been continued until April 7, 2015. Judge Mahan's assignment to the instant civil case occurred on February 12, 2015, after plaintiff Schuett had already pled guilty to making threats against Judge Mahan.

The Ninth Circuit has noted that other circuits have held that recusal of an individual judge under § 455(a) may be required when the judge himself has been the subject of a personal threat, unless the threat was motivated by a desire to recuse the judge.[1]  *See Clemens*, 428 F.3d at 1179 (citing *United States v. Yousef,* 327 F.3d 56, 170 (2d Cir. 2003) and *United States v. Greenspan,* 26 F.3d 1001, 1006-07 (10th Cir. 1994); and discussing *Nicols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995) and *In re Nettles*, 398 F.3d 1001, 1002-03 (7th Cir. 2005)).  Though the court has no doubt that it would be able to hear the case without bias, under the objective part of the test the court finds that it should recuse.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for recusal of district judge (doc. # 3) be, and the same hereby is, GRANTED.

DATED March 9, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The court notes that defendant clearly did not threaten Judge Mahan in an attempt to manipulate the judiciary, since Judge Mahan was not presiding over any case involving Schuett at the time the threats were made.  Accordingly, Judge Mahan's decision to recuse in this case will not encourage other defendants to threaten judges in hopes of delaying trial.

**James C. Mahan**
**U.S. District Judge**

- 3 -